■ COUNTY OF NASSAU, Appellant, v METROPOLITAN TRANSPORTATION AUTHORITY, Respondent.—Judgment, Supreme

Court, New York County (Edward H. Lehner, J.), entered June 19, 1989, dismissing the petition brought pursuant to CPLR article 78, challenging a determination of respondent Metropolitan Transportation Authority that included installation cost of new lighting at the Bellerose Long Island Rail Road (LIRR) station in its station maintenance certification to the County of Nassau, is unanimously affirmed, without costs.

The appeal brings up for review Metropolitan Transportation Authority's (MTA) certification, pursuant to Public Authorities Law § 1277, of a $25,070 charge for replacement lighting at the Bellerose LIRR station, as a station maintenance cost, to be borne by petitioner, Nassau County, the county within the district in which the station is located. After the petitioner took exception to the certification, asserting that the expense constituted a capital expense that should be borne by MTA, the matter proceeded to a hearing. *(See,* CPLR 7804 [h].) Upon reviewing the record, we are convinced that a rational basis existed to conclude that the subject charge constituted an operating expense which was properly chargeable to petitioner pursuant to MTA accounting and practices. (Public Authorities Law § 1277.)

At the hearing, the MTA produced several witnesses, all of whom testified that the accounting principles used by the agency generally followed accepted accounting principles insofar as it treated the railroad station as a unit of property for depreciating the construction expenditures. Replacement costs of components of the stations, such as the cost of new lighting, were treated as operating expenses, as they did not increase the useful life of the property. Consequently, while the MTA would be responsible for the costs incurred in constructing or replacing the station itself, the costs related to a lighting system component constituted an operating expense, the cost of which was to be borne by the locality. *(See,* Public Authorities Law § 1277.) The county's two witnesses failed to establish that the MTA's accounting methods were not in accord with generally accepted practices or otherwise flawed, arbitrary or capricious. Concur—Ross, J. P., Rosenberger, Asch, Kassal and Wallach, JJ.